```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF MISSISSIPPI
                   NORTHERN DIVISION
```

ANDRES C. JOHNSON                                        PLAINTIFF

VS.                              CIVIL ACTION NO. 3:15CV567TSL-RHW

CALSONIC                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Andres Johnson has brought the present action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, complaining of alleged racial discrimination by defendant Calsonic. The record disclosed the following undisputed facts.

Calsonic is in the business of manufacturing automotive parts, which are supplied to Nissan Corporation at its plant in Canton, Mississippi. In March 2014, Johnson, who is African American, applied for a job with Calsonic. As part of the hiring process, Johnson was required to undergo a mandatory drug test, which was to be done at a local MEA medical clinic. On May 12, 2014, Johnson went to MEA for the drug test. According to Johnson, however, he was turned away by MEA and not allowed to take the drug test, with no explanation given. When MEA related to Calsonic that Johnson had refused or been unable to take the required drug test, Calsonic denied him employment. Thereafter, Johnson and his mother repeatedly called Calsonic, questioning its decision and demanding reconsideration. They also repeatedly called MEA, demanding to know why Johnson had not been allowed to

take the drug test; and they persisted in calling even after MEA told them to stop.  Eventually, Johnson even filed a lawsuit against MEA over its alleged refusal to allow him to be tested.[1]

Subsequently, in February 2015, Johnson sought employment through a temporary staffing company, Onin Staffing.  He underwent a drug test through Onin, which he passed, following which Onin assigned him to work at Calsonic, driving a forklift on the night shift.  However, after he had been at Calsonic for two weeks, Calsonic became aware of his employment and informed Onin of his previous harassing behavior and requested his removal from the assignment to Calsonic.  Shortly following his removal from the Calsonic assignment, Johnson filed a charge of discrimination with the EEOC alleging race discrimination.  Plaintiff timely filed the present action after the EEOC issued its notice of right to sue.

In its present motion, defendant contends that summary judgment is in order as to any claim based on Calsonic's May 2014 hiring decision on the basis that such claim is not timely and/or because Johnson cannot establish a *prima facie* case of race discrimination and/or cannot demonstrate that Calsonic's reason for not hiring him, i.e., that he did not take the mandatory drug test, is pretextual.  It further argues that it is entitled to

---

[1] That case, filed in this court, was dismissed for lack of subject matter jurisdiction. See Johnson v. MEA Clinic, Civ. Action No. 3:15CV798WHB-JCG (S.D. Miss. Apr. 6, 2016).

2

summary judgment on any claim against it relating to his 2015 termination by Onin since Onin, not Calsonic, was Johnson's employer, and because in any event, he cannot demonstrate the elements of his *prima facie* case or show that the reason for his removal from the position, i.e., his harassing behavior following the denial of employment in 2014, was pretextual.

Summary Judgment Standard

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250–52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.  Anderson, 477 U.S. at 248, 106 S. Ct. 2505.  Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails ... to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Curtis v. Anthony, 710 F.3d 587, 594 (5th Cir. 2013) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

3

In evaluating a summary judgment motion, the court must draw reasonable inferences and construe evidence in favor of the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). However, a nonmovant may not rely on "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" to create a genuine issue of material fact. Freeman v. Tex. Dep't of Criminal Justice, 369 F.3d 854, 860 (5th Cir. 2004).

Title VII:

Title VII prohibits an employer from "discharg[ing] an individual, or otherwise discriminat[ing] against any individual ... because of such individual's race." 42 U.S.C.§ 2000e-2(a)(1). Before a Title VII plaintiff may file suit in federal court, he must first "file[] a timely charge with the EEOC[,] and receive [] a statutory notice of right to sue" before bringing a suit in federal court. Taylor v. Books a Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002) (citing Dao v. Auchan Hypermarket, 96 F.3d 787, 788-89 (5th Cir. 1996)). A charge is considered "timely" if it is filed with the EEOC within 180 days of the unlawful conduct. 42 U.S.C. § 2000e-5(e)(1); National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002).

In cases where a Title VII claim has been timely filed, the plaintiff, in order to prevail, must either produce direct evidence of discrimination or, in the absence of direct evidence, must first establish a *prima facie* case of discrimination. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).  If he succeeds in this, the defendant may then offer a legitimate, non-discriminatory reason for the challenged employment decision, at which time the plaintiff "'must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive[s] alternative).'"  Keelan v. Majesco Software, Inc., 407 F.3d 332, 341 (5th Cir. 2005) (quoting Rachid v. Jack In The Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004)).

2014 Failure to Hire

Calsonic first argues that any claim plaintiff may be asserting relating to the May 2014 denial of employment is untimely because it occurred more than 180 days before he filed his charge with the EEOC.  Indeed, plaintiff filed his EEOC charge

5

on April 30, 2015, over eleven months after the alleged denial of employment.  Therefore, any potential claim based on Calsonic's actions in May of 2014 is time-barred as a matter of law.

Plaintiff does not dispute this, and in fact, he does not respond to Calsonic's timeliness argument or to any of Calsonic's arguments relating to its 2014 failure to hire plaintiff. Moreover, while not entirely clear, it appears from his complaint and his response to the motion that the real focus of this lawsuit is his 2014 termination/removal.  The court would note, though, that even if plaintiff were asserting a claim based on the 2014 failure to hire, and even if that claim were timely, it would still fail because, as Calsonic correctly asserts, plaintiff cannot establish a *prima facie* case or prove that the reason given by Calsonic for not hiring him is pretextual.

To establish a *prima facie* case on a failure to hire claim, the plaintiff must show that "(1) he belongs to a protected class; (2) he applied for and was qualified for a position for which applicants were being sought; (3) he was rejected; and (4) a person outside of his protected class was hired for the position." Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc., 482 F.3d 408, 412 (5th Cir. 2007) (citation omitted).  While Johnson is a member of a protected class, and applied for a position and was rejected, he freely admits that he never satisfied one of the requirements

6

for employment, namely, passing a drug test.[2]  He complains that his failure to pass a drug test was not his fault; rather, while he was more than willing to be tested, MEA, for reasons unknown to him, refused to administer him a drug test.  Even accepting that to be true, it does not to detract from the fact that he did not pass a drug test.[3]  In addition, plaintiff has offered no proof that he was after he was rejected, Calsonic filled the position in question with someone outside his protected class.  He agreed, in fact, that "it's more black employees [at Calsonic] and it wasn't like a white man came behind me or anything."  Moreover, plaintiff has essentially admitted that he has no actual evidence that Calsonic's decision to not hire him was racially motivated.  He

---

[2]     In his deposition, Johnson expressly acknowledged that he had to pass a drug test in order to be hired by Calsonic:
   Q.  Do you believe that that was a necessary qualification to become a permanent employee of Calsonic?
      ...
   A.  Absolutely you have to pass the drug test.  Absolutely.

He reiterated this, stating that at Calsonic,
   You will not get on if you don't pass a drug test.  If you don't pass a drug test, you're not going to get hired. Ain't nobody – that's, like, impossible up there.

[3]     While plaintiff indicated in his deposition that he did not know why MEA refused to allow him to be drug tested, he speculated that MEA's refusal may have been based on his race. However, he has no proof that MEA's refusal was racially based and, more pertinently, none that Calsonic had any involvement in MEA's refusal to administer him a drug test.  He did testify that he thought Calsonic was "in cahoots" with MEA, but he had no proof of any collusion.

testified that he believes the decision was based on race solely because he "can't see nothing else" that it could have been, so by a process of elimination, he concludes that it must have been racially motivated. But the law is clear that "an employee's subjective belief of discrimination alone is not sufficient to warrant judicial relief." Auguster v. Vermilion Parish Sch. Bd., 249 F.3d 400, 403 (5th Cir. 2003).

Finally, as regards the 2014 failure to hire, even if plaintiff could establish a *prima facie* case, he has no proof that Calsonic's articulated reason for not hiring him is pretextual. Calsonic has proffered a legitimate, nondiscriminatory reason for not hiring plaintiff: it rejected him for employment because MEA advised that he failed to take and pass a drug test.

When an employer articulates a legitimate, nondiscriminatory reason for a challenged employment decision, it falls to plaintiffs to establish pretext by showing that the proffered reason is "false" or "unworthy of credence." See Vaughn v. Woodforest Bank, 665 F.3d 632, 637 (5th Cir. 2011) (internal quotation marks and citation omitted). To prove pretext, the plaintiff must rebut the nondiscriminatory reason with "substantial evidence." Laxton v. Gap Inc., 333 F.3d 572, 578 (5th Cir. 2003). Plaintiff has failed to come forward with evidence to satisfy this burden. Plaintiff testified that he

8

assumes Calsonic rejected him based on what MEA told it; and he has "no earthly idea what [MEA] said about [him] to make [him] lose a whole job." He does say, as indicated *supra*, that he believes the decision was discriminatory. But again, and as the Fifth Circuit has repeatedly made clear, a plaintiff does not sustain her burden to prove pretext with proof of nothing more than her subjective belief that discrimination was involved. See, e.g., Pennington v. Texas Dept. of Family and Protective Servs., 469 Fed. Appx. 332, 339 (5th Cir. 2012) (employee's "subjective belief that she was the victim of retaliation, even if that belief is genuine, is insufficient to carry her case without further evidence of pretext"); Roberson v. Alltel Information Servs., 373 F.3d 647, 654 (5th Cir. 2004) (plaintiff's "subjective belief that [he] was not selected for the [] position based upon race or age is [] insufficient to create an inference of the defendants' discriminatory intent")(internal quotations and citations omitted).

It is clear from the foregoing that Calsonic is entitled to summary judgment on any potential claim based on its 2014 failure to hire Johnson.

2015 Termination

Calsonic contends that plaintiff's claim relating to his 2015 termination by Onin fails as a matter of law for a number of reasons, including that Onin, not Calsonic, was plaintiff's

9

employer; that it had a legitimate, nondiscriminatory reason for his removal which he cannot demonstrate was pretext for discrimination.

Only employers are subject to liability under Title VII. See Grant v. Lone Star Co., 21 F.3d 649, 652 (5th Cir. 1994). Calsonic maintains that it cannot be liable as it was never Johnson's employer. Instead, he was hired by Onin, which in turn assigned him to work at Calsonic.

The Fifth Circuit applies a "hybrid economic realities/common law control" test to determine whether an employment relationship exists within the meaning of Title VII.

> The right to control an employee's conduct is the most important component of this test.... When examining the control component, we have focused on whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule.... The economic realities component of our test has focused on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment.

Barrow v. New Orleans Steamship Assoc., 10 F.3d 292, 296 (5th Cir. 1994) (citing Deal v. State Farm County Mut. Ins. Co. of Tex., 5 F.3d 117, 118–19 (5th Cir. 1993)). Calsonic notes that plaintiff has testified he was paid by Onin, not Calsonic; that his employment was temporary; and that he did not have a contract with Calsonic. It submits, beyond that, that Johnson cannot show that he was Calsonic's employee.

In response to Calsonic's motion, plaintiff has made no effort to show that he was Calsonic's employee. He does not even acknowledge this argument. For this reason, summary judgment is warranted. See Tran Enterprises, LLC v. DHL Exp. (USA), Inc., 627 F.3d 1004, 1010 (5th Cir. 2010) ("With respect to an issue on which the nonmovant would bear the burden of proof at trial, if the movant for summary judgment correctly points to the absence of evidence supporting the nonmovant with respect to such an issue, the nonmovant, in order to avoid an adverse summary judgment on that issue, must produce sufficient summary judgment evidence to sustain a finding in its favor on the issue.").

Even if plaintiff could show that Calsonic was his employer, Calsonic would still be entitled to summary judgment since plaintiff has no evidence that Calsonic's proffered legitimate, nondiscriminatory reason for plaintiff's removal was pretextual. Calsonic has presented uncontradicted evidence that it requested plaintiff's removal in March 2015 based on his prior history of conduct that Calsonic considered to be harassment. Plaintiff has offered no evidence to suggest this was not the real reason, or to show that race was a factor in the decision. Again, plaintiff believes he was the victim of discrimination; but his belief is insufficient to carry his burden.

<u>Conclusion</u>

Based on all of the foregoing, it is ordered that Calsonic's motion for summary judgment is granted.

A separate judgment will be entered in accordance with Rule 56 of the Federal Rules of Civil Procedure.

SO ORDERED this 12th day of December, 2016.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE